

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

July 8, 1954

Honorable Homer Garrison, Jr.
Director, Texas Department of Public Safety
Box 4087, North Austin Station
Austin, Texas

Opinion No. S-133

Re: Legality of a motor bus carrier
whose regular route Certificate
of Convenience and Necessity has
been suspended continuing to
originate charter trips from
points along, and adjacent to,
the routes set out in the sus-
pended certificate when said
carrier holds a Certificate of
Compliance under Railroad Commis-
sion General Order No. 56-A.

Dear Colonel Garrison:

We quote from your letter of June 8, 1954:

"In recent weeks . . . at least one carrier who volun-
tarily applied for and obtained from the Railroad Commission
of Texas a suspension of the motor bus service, authorized
by his regular route certificate has attempted to engage in
the transportation of charter parties. It is the position
of this Department that such motor bus carrier cannot, dur-
ing the time that his regular certificate is under suspen-
sion, legally engage in the transportation of passengers
for hire by special charter party trips.

"Will you please give us your valued opinion on the
above question advising whether or not we are correct in
our interpretation of the law and general order number 56-
A of the Railroad Commission of Texas?"

In answering your question we have assumed the further fact that
the carrier referred to in your request has attempted to originate such
charter trips from points along, or adjacent to, the routes set out in his
suspended certificate.

Honorable Homer Garrison, Jr., page 2 (S-133)

In Attorney General's Opinion No. 1430, issued June 7, 1940, this office concluded that a carrier, holding a certificate authorizing operation upon certain routes only, could not lawfully operate regularly or on a charter-trip basis over other and different routes without securing an enlargement of the certificate to authorize the same.

Subsequent to this holding General Order No. 56-A was promulgated by the Railroad Commission of Texas, which reads, in part, as follows:

"(1) Each holder of a Certificate of Convenience and Necessity issued by the Commission authorizing the transportation of passengers for hire is hereby authorized to originate at any point along the routes named in its certificate or territory adjacent thereto which is not served by any other Motor Bus Company operating by authority granted by this Commission, charter or special parties and to transport them for hire on charter trips and party trips destined to any point in Texas, provided, said Motor Bus Company complies with the terms hereof.

". . .

"(2) That this General Order is the authority for each Motor Bus Company, which complies with the terms hereof; . . ." (Emphasis added)

As above set out, General Order No. 56-A authorizes charter operations to be performed by each "holder of a Certificate of Convenience and Necessity issued by the Commission". The carrier discussed in your request clearly could not be such a "holder" because his certificate and all operations pursuant thereto have been suspended. Further, under the terms of General Order No. 56-A, the origin points of all charter trips are limited to those points along the routes named in the carrier's certificates or to those points in the territory adjacent thereto. Following suspension of a carrier's regular route certificate there would be no authorized fixed route from which the carrier could originate charter trips. We therefore conclude that a carrier's authority to conduct charter operations, granted by, and through compliance with, General Order No. 56-A, remains in force only so long as compliance with the order continues, and such compliance cannot continue unless the carrier holds a valid, effective regular route Certificate of Convenience and Necessity issued by the Railroad Commission of Texas.

SUMMARY

A motor bus carrier whose regular route Certificate of Convenience and Necessity has been suspended cannot

continue to originate charter trips from points along, and adjacent to, the routes named in the suspended certificate as he can no longer comply with Railroad Commission General Order No. 56-A.

APPROVED:

Phillip Robinson
Oil & Gas Division

W. V. Geppert
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

.Yours very truly,

JOHN BEN SEHPPERD
Attorney General of Texas

By   *Mert Starnes*

Mert Starnes
Assistant